[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] ORDER RE: DEFENDANT'S AMENDED MOTION TO REARGUE (MARCH 17, 1998 AND APRIL 22, 1998)
The parties have filed a flurry of post judgment motions including a motion for articulation (dated March 12, 1998) and motions for contempt, a motion to reargue (dated March 17, 1998), an amended motion to reargue (dated April 22, 1998), a motion for attorney's fees (dated April 21, 1998), and objections to the motion to reargue and the amended motion to reargue.
The motions for contempt were ruled on orally at the time of the hearing. The defendant indicated he was not going to proceed on the motion for articulation.
The parties were heard at length on the defendant's amended motion to reargue dated April 22, 1998.
RE: DAY CARE EXPENSE
The court took into account and considered all the evidence and testimony presented during this five day trial. The court also considered the statutory criteria as set forth in § 46b-84
and the child support guidelines.
In ordering the defendant to contribute $300 per month toward the day care expense of $773 per month, the court considered the substantial asset of the defendant, i.e., the Rhode Island trust from which the defendant can withdraw principal. The court considered the earning capacity of the defendant. The day care expense is a substantial expense which is essential for the proper care and maintenance of the minor child. The court also considered the division of assets and liabilities. No alimony was awarded to the plaintiff and this day care is necessary for the plaintiff to maintain her employment. It is in the best interests of the minor child not to be moved to an inferior or less expensive day care and disrupt this six year old's schedule. The parties appear to have overlooked the effect of a divorce on a minor child.
As indicated in the Memorandum of Decision, this court made a specific finding that the high cost of day care was an appropriate and equitable reason to have the defendant contribute $300 per month toward day care. Counsel for the plaintiff has cited the appropriate sections of the Conn. General Statutes.
The order for the defendant to contribute toward the day care expense is modifiable in the event there is a substantial change in the cost of day care. The court makes no change in its order. CT Page 5992
RESIDENTIAL PROPERTIES OF WILTON, LLC
In arriving at the decisions reflected in the orders disposing of the martial assets of the parties, the court considered the statutory criteria as set forth in §§ 46b-81
and 46b-82. In the scheme of distribution, the court gave each party one-half of this asset, Residential Properties, a martial asset. The court considered this as a fair and equitable division in its overall mosaic of the distribution of the marital assets. In the defendant's claims for relief, he requested that this marital asset which was in both names, be divided equally between the parties.
In reviewing the entire memorandum of February 27, 1998, this order and division is consistent with the evidence and testimony presented. The court considered the appropriate statutory criteria and determined in its scheme of division that this marital asset should be equally divided between the parties as requested by the defendant.
To change the distribution of one asset would upset the entire overall scheme of the division of the marital estate of the parties. The court has attempted to divide all the assets of this marriage in a fair and equitable manner. To do what the defendant now requests would require a redoing of the entire asset division. No matter what distribution of assets the court ordered, neither party would be completely satisfied.
The court makes no changes in the distribution of Residential Properties of Wilton, LLC.
AWARD OF $10,000 AS COUNSEL FEES TO THE PLAINTIFF
The plaintiff testified as to the amounts paid to her attorneys toward her attorney's fees as indicated. This was a highly contested five day trial with involved issues. Both counsel had obviously spent a great amount of time, effort and energy in preparing their respective cases. The trial concerned itself with several pieces of real estate and several investment partnership assets. There was also an issue as to the defendant's premarital trust fund.
It is true, as pointed out by the defendant, plaintiff's counsel did not file an affidavit of attorney's fees. There was, CT Page 5993 however, sufficient evidence for this court to arrive at an award, reasonable, fair and equitable under all the circumstances. The court heard the testimony of the plaintiff and reviewed the financial affidavits of the parties. As indicated in the Memorandum of Decision, the court considered the criteria set forth in § 46b-82 Conn. General Statutes as required by § 46b-62 Conn. General Statutes. The court considered the financial abilities of the parties as well as the overall distribution of assets.
The court makes no change in this award.
CONCLUSION
The plaintiff objected to the defendant's motion based on procedural and substantive grounds. Both objections are well taken. However, this court, invoking its equitable powers, has decided to overrule the plaintiff's objections.
Both parties were heard at length on the motion to open and reargue. The court considered the evidence and testimony presented in this hotly contested five day trial. At the time of trial, the court had the opportunity to observe the demeanor of the plaintiff and the defendant and their candor as they testified. The court has reviewed the parties' financial affidavits along with their claims for relief and has reviewed and reconsidered its memorandum.
The basis for reaching the decisions as set forth in the orders in this matter are clearly set forth in the Memorandum of Decision.
The defendant's relief as requested in his motion to reargue is denied.
No counsel fees are awarded to either party.
Coppeto, J.